PRAVITA PRASAD NAIR

VERSUS

PASKARAN A. "PAZ" NAIR

NO. 23-C-531

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 774-053, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

November 27, 2024

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**WRIT DENIED**
   **JJM**
   **FHW**
   **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
PRAVITA NAIR
Laura J. Todaro

COUNSEL FOR DEFENDANT/RESPONDENT,
PASKARAN A. "PAZ" NAIR
Cynthia A. De Luca
Marynell L. Piglia

BRUCE MILLER, SPECIAL MASTER
In Proper Person

**MOLAISON, J.**

The relator, Pravita Prasad, the divorced wife of Paskaran A. "Paz" Nair, seeks a review of the trial court's October 27, 2023 judgment. For the following reasons, we deny this writ application.

## FACTS AND PROCEDURAL HISTORY

Pravita Prasad ("Ms. Prasad") and the respondent, Paskaran Nair, were married on January 27, 2001. At the time of the marriage, Ms. Prasad was 19, and Mr. Nair was 47. Two children were born in the marriage. On December 25, 2016, the parties began living separately and apart. On July 17, 2017, Ms. Prasad filed a Petition for Divorce, and on April 6, 2018, the court granted a divorce judgment.

On December 11, 2018, the parties entered into a consent judgment that provided, among other things, that Ms. Prasad was to receive $140,000 as an advance towards her one-half portion of the community property. Mr. Nair retained $10,000 of this amount. The consent judgment provided that if Ms. Prasad's portion of the community was less than $140,000, Mr. Nair was to keep the $10,000. If her portion of the community was more than $140,000, then "the full $130,000.00 shall be credited toward that amount and the [$10,000] plus any remaining amount that she is owed shall be provided to her." On April 19, 2019, the trial court appointed special master Bruce Miller to "oversee the partitioning of the community property and the issues related to the partitioning of the community property." On October 29, 2019, the parties entered a consent judgment of "Final Partition of Community Property." The trial judge, both parties, and their respective attorneys all signed the consent judgment.

On May 11, 2020, the special master issued a *Proces Verbal* regarding the parties' claims to the other party's social security. This *Proces Verbal* did not mention the $10,000 retained in the December 11, 2018 consent judgment. On

April 6, 2023, the special master issued a second *Proces Verbal,* which stated that Ms. Prasad had received a total of $659,193 in equalizing payments for the final partition of the community. He noted that the attorney for Ms. Prasad did not specifically address the $10,000. Still, given that the attorney did not argue that an additional $10,000 was due to Ms. Prasad, the special master concluded that Ms. Prasad was not entitled to an extra $10,000.

On October 9, 2023, Ms. Prasad filed a "Motion against Mr. Nair for [a] court order determining that Pravita Nair's share of community property was greater than $140,000 and for a judgment ordering payment of $10,000 according to terms of December 11, 2018 consent judgment." The court set the motion for a hearing on October 20, 2023. After the hearing, the trial judge denied Ms. Prasad's motion and issued a written judgment on October 27, 2023, denying the motion. The court granted Ms. Prasad's motion for leave to file a supervisory writ on November 8, 2023. Ms. Prasad filed this writ application on November 15, 2023.[1]

## LAW AND DISCUSSION

In this writ application, Ms. Prasad contends that the trial judge committed legal error by not allowing her to have a contradictory hearing on her motion to order payment of $10,000 from Mr. Nair. The transcript indicates that the attorneys for both parties appeared before the trial court on October 20, 2023. The court conducted extensive proceedings off of the record. The trial judge went on the record and stated: "As per the agreement, as to the prior distribution, it is the Court Ruling that the $10,000 is not owed." Counsel for Ms. Prasad objected, arguing that she had not had an opportunity to have a hearing. The trial judge

[1] In the motion for leave to file a supervisory writ application, Ms. Prasad alternatively requested a devolutive appeal of the trial court's October 27, 2023 judgment. Pursuant to Mr. Nair's request, he was given until December 29, 2023 to file a response to the writ application. Ms. Prasad subsequently filed a motion for appeal, which was granted on January 9, 2024. On January 24, 2024, this court ordered that this writ application would be considered by the panel addressing the merits of Ms. Prasad's appeal. This writ application and the appeal were set to this court's November 7, 2024 docket.

replied that he had been meeting with the parties for two hours and ten minutes and issued the ruling according to Ms. Prasad's attorney's request. Ms. Prasad's attorney denied that she requested a ruling and stated that it was fruitless to have a hearing at that time because the trial court had acted on the motion. Mr. Nair's attorney noted that it was appropriate for the trial court to rule because the special master addressed this issue in the *Proces Verbal,* to which Ms. Prasad had objected.

The transcript of the October 20, 2023 hearing indicates that counsel for Ms. Prasad objected to the trial court's denial of her motion for an additional $10,000; however, counsel had numerous opportunities to present evidence as to why the ruling was inappropriate and to make a record as to why the court should grant her motion. Counsel for Ms. Prasad declined to do so. Thus, Ms. Prasad has not presented this court with any evidence to support her claim that the trial court erred in denying her motion.[2]

Furthermore, a review of the documents included with the writ application indicates that the October 29, 2019 consent judgment states in pertinent part:

> IT IS FURTHER AGREED TO AND CONSENTED TO BETWEEN THE PARTIES that PRAVITA PRASAD NAIR takes as her full share of all of the property, movable and immovable, presently belonging to the community of acquets and gains, the property described in Exhibit "B", attached hereto and made a part hereof,
>
> ****
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties hereto discharge each other from any further accounting for their separate and paraphernal funds, the community of acquets and gains being fully partitioned as above set forth; they are satisfied with reference to reservation and restoration of each party's separate and paraphernal property; and they have agreed and do affirm that each

---

[2] Although the trial court did not prohibit Ms. Prasad's attorney from admitting evidence, Ms. Prasad could have submitted a proffer pursuant to La. C.C.P. art. 1636, which provides: "When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." Because the writ application does not contain a proffer or an explanation setting forth the nature of the evidence Ms. Prasad contends that she was prohibited from presenting, we cannot ascertain the nature of the excluded evidence. See, Baugh v. Gulf Air Transp., Inc., 526 So.2d 1239, 1241 (La. App. 3 Cir.) 1988).

has received full value of his or her entire interest in and to the community of acquets and gains and for reimbursement to their respective separate estates.

\*\*\*\*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties waive any and all community reimbursement claims that she [sic] has and/or may have against the other party as the community of assets and liabilities has been fully partitioned as set out in this Consent Judgment of Final Partition of Community Property.

\*\*\*\*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties hereto declare that they are fully satisfied with the settlement and compromise made herein, pursuant to Louisiana Civil Code Article 3071 and each acknowledges receipt and delivery of the property received by each.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties do hereby relieve and release each other from any further accounting, expressly stating that both are satisfied with the partition. The court knowingly homologates this partition as fair and equitable to the parties, due to the informed consent of the parties as evidenced by their signatures hereto.

\*\*\*\*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties hereto further acknowledge that each has had the opportunity to seek legal counsel independent from the other and the parties hereto further acknowledge and agree that neither has been forced or coerced into executing this document as each has done so as their own free and voluntary act.

IT IS FURTHER ORDERED,ADJUDGED AND DECREED that the parties agree and acknowledge that they are entering into this Agreement freely and voluntarily; that they have ascertained and weighed all of the facts and circumstances likely to influence their judgment herein; that they have been duly appraised of their respective legal rights with respect to a community property settlement; that all provisions of this Agreement, as well as all questions pertinent thereto, have fully and satisfactorily been explained to them; that they have given due consideration to such provisions in question and that they understand clearly and assent to all provisions of this Agreement.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment contains the entire understanding of the parties. There are no representations, warranties, promises, covenants or undertakings other than those expressly set forth herein.

\*\*\*\*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any and all reimbursement claims that either party may have now, in the past or in the future are hereby waived.

\*\*\*\*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this agreement shall be a total and final partition of the parties' property and the parties acknowledge that all assets and debts are included herein whether specifically listed or not and this is a partition of the entire community that existed between the parties.

\*\*\*\*

IT IS FURTHER ORDERED ADJUDGED AND DECREED that the equalizing payment due to PRAVITA PRASAD NAIR as more particularly provided in Exhibit A-1 and B and attached hereto and made a part hereof shall be paid as follows:

ONE HUNDRED THOUSAND DOLLARS ($100,000.00) to be paid in thirty (30) days from the date the court signs the Consent Judgment of Final Partition of Community Property.

FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) to be paid inn [sic] sixty (60) days from the date the court signed the Consent Judgment of Final Partition of Community Property.

In the *Proces Verbal* finding that Ms. Prasad was not entitled to an additional $10,000 payment from Mr. Nair, the special master stated:

A plain reading of the judgment would have Paz paying Pravita an additional $10,000 if she were owed more than $140,000, the original $130,000 would be credited toward her payment and $10,000 plus any remaining amount would be paid to her. In fact, that did occur. However, Pravita argues that she is still entitled to the additional $10,000 because it is provided for in the Judgment.

Pravita's interpretation of the Judgment is flawed, in the opinion of the undersigned. Pravita received significantly more than $140,000, including payments from Paz's retirement account, and she was paid the excess over $130,000. There is no clearer interpretation of that Judgment that would permit Pravita to receive an extra $10,000. I also note that Pravita's original counsel never addressed this issue, and was content for his client to receive the excess over $130,000. That position may not be binding on the ultimate decision of this Honorable Court, but considering that attorney's efforts to maximize the equalization payment for Pravita, it is certainly instructive as to what he thought his client should receive.

Accordingly, and in my reading of the Judgment as well as considering the amount of the equalizing payment actually made, I recommend that Pravita not be awarded such additional $10,000 as her current attorney has requested.

By denying Ms. Prasad's motion, the trial court adopted this portion of the special master's *Proces Verbal*.

A consent judgment, a bilateral contract in which parties settle their differences by mutual consent, has "binding force from the presumed voluntary acquiescence of the parties." Veazey v. Johnson, 21-0639 (La. App. 4 Cir. 2/15/23), 358 So.3d 186, 191. Our review of the December 11, 2018 consent judgment and the October 29, 2019 consent judgment partitioning the community property indicates that Ms. Prasad waived any claim she may have had for an additional $10,000 from Mr. Nair. The special master and the trial judge reached the same conclusion. We have carefully and meticulously reviewed all of the documents submitted with the writ application and find that Ms. Prasad has not shown that the trial court erred in denying her motion for a "judgment ordering payment of $10,000 pursuant to terms of December 11, 2018 consent judgment."

## CONCLUSION

We deny this writ application for the preceding reasons.

**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-531

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
LAURA J. TODARO (RELATOR)

### MAILED
BRUCE MILLER  (OTHER)
2955 RIDGELAKE DRIVE
METAIRIE, LA 70002

CYNTHIA A. DE LUCA (RESPONDENT)
MARYNELL L. PIGLIA (RESPONDENT)
ATTORNEY AT LAW
7037 CANAL BOULEVARD
SUITE 204
NEW ORLEANS, LA 70124